IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## JOHN DAVID NEBLETT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40000562     John H. Gasaway, III, Judge**

───────────────

**No. M2001-02450-CCA-R3-PC - Filed September 16, 2002**

───────────────

The petitioner originally pled guilty to aggravated vehicular homicide, vehicular assault, and second offense driving on a revoked license. The trial court sentenced him to an effective sentence of twenty-four years. The effective sentence was affirmed on direct appeal. The petitioner sought post-conviction relief, alleging an unknowing guilty plea and ineffective assistance of counsel. The post-conviction court denied relief. In this appeal, the petitioner contends the post-conviction court erred in summarily dismissing the petition based solely upon the guilty plea transcript. We disagree and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, John David Neblett.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

We summarize the following underlying facts from this court's opinion in the petitioner's direct appeal. *See* State v. John D. Neblett, C.C.A. No. 01C01-9805-CC-00231, 1999 Tenn. Crim. App. LEXIS 934 (Tenn. Crim. App. Sept. 24, 1999, at Nashville), *perm. to app. denied* (Tenn. 2000).

In August 1997, the intoxicated petitioner failed to observe a highway stop sign and collided with a car driven by Glenda Atkins. Glenda Atkins's husband, a passenger, was killed. Glenda Atkins was hospitalized and required surgery to remove glass from her leg. Petitioner admitted

driving while intoxicated and acknowledged his responsibility for Stephen Atkins's death in a statement to the Tennessee Highway Patrol. Petitioner had three prior DUI convictions in addition to several other misdemeanor convictions. As stated, petitioner pled guilty to aggravated vehicular homicide, vehicular assault, and second offense driving on a revoked license and received an effective sentence of twenty-four years.

## ANALYSIS

On appeal, the petitioner contends the post-conviction court improperly dismissed his petition for post-conviction relief by relying strictly upon the transcript of the guilty plea submission hearing. Based upon the record before this court, we consider the allegation inaccurate and otherwise without merit.

### A. Procedural History of this Appeal

Petitioner's counsel filed his brief on February 26, 2002. The basic premise set forth in the brief was that the post-conviction court erred in dismissing the post-conviction petition based upon its examination of the guilty plea transcript without giving the petitioner the opportunity to be heard. On March 28, 2002, the state filed a motion in this court indicating there was an evidentiary hearing in the post-conviction court, and the state sought to supplement the record with a transcript of this evidentiary hearing. We granted the motion.

A transcript of the evidentiary hearing was subsequently filed, which transcript reflects a hearing in which both the petitioner and his trial counsel testified; it was agreed a transcript of the guilty plea submission hearing would subsequently be filed and considered by the post-conviction court; and counsel would then be allowed to argue the case. The parties, on a subsequent date, appeared before the post-conviction court and were advised the guilty plea transcript had been filed and reviewed by the court. They declined the opportunity to review the guilty plea transcript prior to the post-conviction court's ruling. Present appellate counsel was also petitioner's counsel in the proceedings below.

The state filed its appellate brief on May 16, 2002, and made reference to the supplemental record containing the transcript of the evidentiary hearing. A reply brief was not filed by petitioner's counsel. The case was then submitted to this panel for determination.

It, therefore, appears the basis of relief sought by the petitioner in his brief, namely, summary dismissal without the opportunity to be heard, is patently without merit. We further note the absence of a reply brief seeking relief on any other basis. Nevertheless, the record presently before the court is adequate for us to review the post-conviction court's determinations regarding ineffective assistance of counsel and voluntariness of the guilty plea. We, therefore, proceed with our analysis.

**B. Standard of Review**

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997).

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Petitioner also contends his plea was involuntary and unknowing. Our supreme court has stated the following:

> The cases of Boykin v. Alabama and State v. Mackey are the landmark constitutional cases for analyses of guilty pleas. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (federal standard); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) (state standard). In Boykin, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. Id. at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." Id. at 244, 89 S. Ct. at 1712, 23 L. Ed. 2d at 280 (emphasis added).
>
> Likewise, in Mackey, this Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea . . . ." 553 S.W.2d at 340.

State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999).

**C. Post-Conviction Hearing Testimony**

The petitioner testified trial counsel met with him only once in the jail prior to the guilty plea; he signed documents without reading them because he was without his eyeglasses; he conceded that he was aware he was waiving his right to jury trial when he pled guilty; and he stated that if counsel had explained that sentencing would have been conducted by the judge even if he had been found guilty at a jury trial, he would have proceeded to trial. On cross-examination, the petitioner

conceded he expressed his desire to plead guilty from the time he was arrested and was aware of the charges in which he was pleading guilty at the time he executed the plea agreement. The petitioner, however, stated counsel never explained the potential ranges of punishment, and petitioner thought he would receive a twelve-year sentence.

Trial counsel testified he could not recall the number of times he met with petitioner. However, counsel testified the case was presented by information at petitioner's behest because petitioner "wanted to plead guilty," "go to prison," and "get it over with" without having to await the action of the grand jury. Counsel further testified he explained the guilty plea form to the petitioner, including the waiver of a jury trial. Counsel further explained it was his normal practice to explain the range of punishment, and he was "absolutely [certain]" he did so on this occasion. Counsel said the petitioner never informed him he was unable to read without glasses.

The transcript of the guilty plea submission hearing reveals that the trial court thoroughly explained all aspects of the guilty plea to petitioner, including, but not limited to, a discussion of the following:

(1) an "open plea, meaning there is no recommended sentence. It will be up to the judge;"

(2) a range of punishment of fifteen to twenty-five years for aggravated vehicular homicide, two to four years for vehicular assault, and up to eleven months and twenty-nine days for second offense driving on a revoked license;

(3) the waiver of various rights by pleading guilty, including the right to trial by jury; and

(4) whether petitioner was "freely and voluntarily" pleading guilty .

Petitioner indicated an appropriate response to each inquiry, thereby indicating his understanding of his rights and desire to plead guilty. The trial court, immediately after its colloquy with the petitioner, found the plea to be "freely, voluntarily and knowingly" entered.

**D. Our Determination**

The post-conviction court, after receiving the evidence at the post-conviction evidentiary hearing and after examining the transcript of the guilty plea submission hearing, found that petitioner understood all the circumstances surrounding his guilty plea, including the possible penalties that

he faced.  The post-conviction court further found that petitioner had not established any deficiency by trial counsel and further failed to establish any prejudice as a result of trial counsel's performance.

The evidence before this court does not preponderate against the findings of the post-conviction court.  Accordingly, we affirm the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE